UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA HIDALGO, ET AL.,

                  Plaintiffs,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION,

                  Defendant.

20-cv-98 (JGK)

MEMORANDUM OPINION AND ORDER

---

JOHN G. KOELTL, District Judge:

    The plaintiffs, Maria Hidalgo and Abundio Sanchez, brought this action on behalf of themselves and their daughter, L.S., against the New York City Department of Education (the "DOE") pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq. The plaintiffs appeal the decision of the DOE's State Review Officer ("SRO") that denied them reimbursement of L.S.'s tuition at International Institute for the Brain ("iBrain"), a private school in which the parents unilaterally placed L.S. for the 2018-2019 school year.

    The parties now cross-move for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the defendant's motion is **denied**, the plaintiff's motion is **granted** in part, and the case is **remanded** for further proceedings.

# I

## A

"Under the IDEA, states receiving federal funds are required to provide all children with disabilities a free appropriate public education." Gagliardo v. Arlington Cent. Sch. Dist. ("Gagliardo II"), 489 F.3d 105, 107 (2d Cir. 2007); see also 20 U.S.C. § 1412(a)(1)(A).[1] A free appropriate public education ("FAPE") must provide "special education and related services tailored to meet the unique needs of a particular child, and be reasonably calculated to enable the child to receive educational benefits." Walczak v. Fla. Union Free Sch. Dist., 142 F.3d 119, 122 (2d Cir. 1998).

"To ensure that qualifying children receive a FAPE, a school district must create an individualized education program ('IEP') for each such child." R.E. v. N.Y.C. Dept. of Educ., 694 F.3d 167, 175 (2d Cir. 2012). Parents in New York who wish to challenge their child's IEP as insufficient under the IDEA may request a due process hearing before an impartial hearing officer ("IHO") appointed by the local board of education. Walczak, 142 F.3d at 123. A party may appeal the decision of the IHO to an SRO, and the SRO's decision may be challenged in either state or federal court. Id.

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

If a school district fails to provide a FAPE to a child with disabilities, the child's parents may, at their own financial risk, remove the child from the improper placement, enroll the child in an appropriate private school, and retroactively seek reimbursement from the state for the cost of the private school. See Sch. Comm. of Burlington v. Dep't of Educ., 471 U.S. 359, 370 (1985). The Supreme Court has established the three-pronged Burlington/Carter test to determine eligibility for reimbursement, which looks to (1) whether the school district's proposed plan will provide the child with a free appropriate public education; (2) whether the parents' private placement is appropriate to the child's needs; and (3) a consideration of the equities. C.F. v. N.Y.C. Dep't of Educ., 746 F.3d 68, 73 (2d Cir. 2014); see also Florence Cnty. Sch. Dist. Four v. Carter ex rel. Carter, 510 U.S. 7, 12-13 (1993); Burlington, 471 U.S. 359 at 370.

### B

The following facts are drawn from the Administrative Record, ECF No. 24, and the materials submitted by the parties in connection with this motion and are undisputed unless noted otherwise.

L.S. is a twelve-year old girl who is non-verbal and non-ambulatory. LS001080; Ashanti Decl. ¶¶ 2-3. During the 2017-2018 school year, L.S. was a student at the International Academy of

Hope ("iHOPE"). LS001080. For the 2018-2019 school year, her parents unilaterally moved L.S. to iBrain. LS001148. By a due process complaint dated July 9, 2018, the plaintiffs alleged that DOE committed procedural and substantive violations that constituted denial of a FAPE and requested that DOE pay tuition at iBrain for the 2018-2019 school year and transportation costs, including a 1:1 travel aide. LS001053-55.

The IHO conducted eight hearings between August 9, 2018 and March 28, 2019. LS000194-1046. On June 5, 2019, the IHO issued a 28-page "Finding of Fact & Decision," ("FF&D") in which that IHO made various findings, including that: (1) the DOE offered L.S. a FAPE for the 2018-2019 school year; (2) the parental cooperation in creating an IEP was "muddled" because "the action and inaction of the Parent made it difficult, if not impossible, to obtain Parent attendance at the [IEP] meeting" and that "[b]y continuously altering the parameters of the requested IEP meeting the [p]arent kept challenging the DOE to meet new hurdles in setting a meeting," but that "[t]he impact of the Parent not attending the [IEP] meeting did not result in a denial of FAPE"; (3) the iBrain program contained several areas of deficiency; (4) there was insufficient evidence that the parents were obligated to pay tuition and transportation; and (5) there was no need for private transportation. LS000068-72. On the final page, the FF&D included a section titled "ORDER,"

4

in which the IHO concluded that "[the DOE] offered the Student a FAPE for the 18-19 School Year," "[t]he Parent's complaint is dismissed," and "[t]his decision is subject to appeal and review by the State Review Officer." LS000072.

The plaintiffs appealed to the New York State Education Department's Office of State Review. LS000081. In a decision dated September 5, 2019, SRO Justyn P. Bates concluded that procedural violations in the process that developed the IEP resulted in the denial of a FAPE, thus satisfying the first prong of the Burlington/Carter test. LS000007, LS000031. However, because the parents failed to assert any challenges to the IHO's other adverse findings, the SRO deemed those issues abandoned. LS000017. Because some of those unchallenged findings bore on the appropriateness of the unilateral placement of L.S. in iBrain, as well as the balance of equities, the SRO concluded that the parents failed to carry their burden under the second and third prongs of the Burlington/Carter test to show entitlement to reimbursement. LS000035-36.

## II

Summary judgment in the IDEA context "involves more than looking into disputed issues of fact; rather, it is a pragmatic procedural mechanism for reviewing administrative decisions." A.C. ex rel. M.C. v. Bd. of Educ., 553 F.3d 165, 171 (2d Cir. 2009). "The role of the federal courts in reviewing state

5

educational decisions under the IDEA is circumscribed." Gagliardo v. Arlington Cent. Sch. Dist., 489 F.3d 105, 112-13 (2d Cir. 2007). The standard of review "requires a more critical appraisal of the agency determination than clear-error review but nevertheless falls well short of complete de novo review." M.H. v. N.Y.C. Dep't of Educ., 685 F.3d 217, 244 (2d Cir. 2012). "[F]ederal courts reviewing administrative decisions must give due weight to these proceedings, mindful that the judiciary generally lack[s] the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." Gagliardo, 489 F.3d at 113; see also Cerra v. Pawling Cent. Sch. Dist., 427 F.3d 186, 191 (2d Cir. 2005). The deference owed to the state administrative proceedings depends on both the quality of the opinion and the court's institutional competence. M.H., 685 F.3d at 244. Under this deferential review, "[w]here the IHO and SRO disagree," courts "defer to the reasoned conclusions of the SRO as the final state administrative determination." Id. at 246. However, where the SRO's determinations are insufficiently reasoned to merit deference, the courts should defer to the IHO's analysis. Id. at 246, 252. Additionally, the courts should defer to the IHO's analysis when considering an issue not reached by the SRO. Id. at 252. Deference to the decision in the administrative record is particularly appropriate when the administrative

6

officers' review has been thorough and careful, and when the court's decision is based solely on the administrative record. See Walczak, 142 F.3d at 129; Frank G. v. Bd. of Educ., 459 F.3d 356, 367 (2d Cir. 2006). The district court must base its decision on the preponderance of the evidence. A.C., 553 F.3d at 171; 20 U.S.C. § 1415(i)(2)(C)(iii).

## III

In its motion for summary judgment, the DOE argues that the plaintiffs waived their challenge to the IHO's findings that iBrain was not appropriate and that the equities did not favor the plaintiffs and that these findings therefore became final and binding, thus precluding the relief sought by the plaintiffs.

However, the IHO found that the DOE provided a FAPE for the student for the 2018-2019 school year, and therefore the IHO was never required to determine whether the second and third prongs of the Burlington/Carter test were met. While the IHO made some findings there were relevant to the second and third prongs, he was not required to reach those prongs and never concluded that they were not satisfied. The SRO, in turn, found that the DOE failed to provide a FAPE for the 2018-2019 school year, and refused to reconsider the findings that bore on the second and third prong of the Burlington/Carter test because those specific findings were not challenged on appeal. But those uncontested

7

findings were insufficient in themselves to show that the second and third prongs of the Burlington/Carter test were not satisfied. Therefore, at the end of the day, while there was a finding that the first prong of the Burlington/Carter test was satisfied, there was an insufficient determination that the second and third prongs of the Burlington/Carter test were not satisfied.

The IDEA provides that "any party aggrieved by the findings and decision" of an IHO "may appeal such findings and decision to the State educational agency." 20 U.S.C. § 1415(g)(1); see also 8 N.Y.C.R.R. § 200.5(k) (providing that "any party aggrieved by the findings of fact and the decisions of an [IHO] . . . may appeal to a[n SRO]). Under New York law, in an appeal to an SRO, "any issue not identified in a party's request for review, answer, or answer with cross-appeal shall be deemed abandoned and will not be addressed by [an SRO]." 8 N.Y.C.R.R. § 279.8(c)(4). Accordingly, "parties must appeal (or cross-appeal) any adverse findings of the IHO to preserve those arguments." M.Z. v. New York City Dep't of Educ., No. 12-cv-4111, 2013 WL 1314992, at *6 (S.D.N.Y. Mar. 21, 2013).

In this case, in their request for review of the IHO's decision, the plaintiffs identified procedural violations by the DOE that allegedly impeded the student's right to a FAPE and various procedural violations by the IHO that violated their

8

rights. However, the request for review did not make any references to the findings that the IHO made throughout the opinion. Accordingly, the SRO properly concluded that any arguments related to the findings made by the IHO were abandoned and those findings became final and binding. See M.C. v. Mamaroneck Union Free Sch. Dist., No. 17-cv-1554, 2018 WL 4997516, at *23 (S.D.N.Y. Sept. 28, 2018); M.Z., 2013 WL 1314992, at *10.

The plaintiffs' chief argument is that the findings made by the IHO were dicta not necessary to support the IHO's decision, not "adverse findings" to which the plaintiffs needed to object specifically. To support this reasoning, the plaintiffs rely on the fact that the section titled "ORDER" on the final page of the IHO's opinion made no reference to the findings, except with respect to the denial of a FAPE. This argument is meritless. Both the IDEA and New York law refer to both "findings" and "decision(s)." See 20 U.S.C. § 1415(g)(1) ("[A]ny party aggrieved by the findings and decision rendered in such a hearing may appeal . . . ."); 8 N.Y.C.R.R. § 200.5(k)(1) ("Any party aggrieved by the findings of fact and the decisions of an [IHO] . . . may appeal . . . ."). The plaintiffs' interpretation would render "findings of fact" superfluous. Second, the findings made by the IHO are plainly adverse to the plaintiffs to the extent that the reviewing officer could weigh them

9

against the plaintiffs' claim under any prong of the three-part Burlington/Carter test.

Nonetheless, just because the plaintiffs cannot relitigate the IHO's findings that they have not challenges does not mean that the SRO was justified in denying their claim based on an alleged failure to adduce evidence under the second and third prongs of the Burlington/Carter test. As to the second prong—the appropriateness of the parents' private placement—the IHO did not find that iBrain was not appropriate for L.S. Instead, the IHO only found that iBrain contained "several areas of deficiency." While that finding is probative on the issue of whether iBrain was an appropriate school, it is not dispositive. And the SRO never explicitly considered all of the evidence in the record that supported a conclusion that iBrain was an appropriate school. As the Second Circuit Court of Appeals has explained, "the test for the parents' private placement is that it is appropriate, and not that it is perfect." C.L. v. Scarsdale Union Free Sch. Dist., 744 F.3d 826, 837 (2d Cir. 2014). Accordingly, merely because the SRO was bound by the finding that iBrain had "several areas of deficiency," the SRO was not justified without further explanation in concluding that the parents failed to demonstrate that their placement was appropriate.

Similarly, as to the third prong of the Burlington/Carter test—the weighing of equities—the IHO did not find that the equities did not favor reimbursement, as the DOE asserts. Instead, the IHO found that the evidence of parental cooperation was "somewhat muddled." Absence of parental cooperation can preclude reimbursement under the third prong of the Burlington/Carter test because parents should not be allowed to benefit from the state's failure to provide a FAPE when the parents caused that failure by not allowing the state to evaluate their child properly. See, e.g., Carmel Cent. Sch. Dist. v. V.P., 373 F. Supp. 2d 402, 418 (S.D.N.Y. 2005). However, the IHO did not find that there was an absence of cooperation but rather that the evidence was "muddled." Moreover, the IHO, in fact, found that the parents' absence during the IEP process did not result in the denial of a FAPE, thus undermining any inference that their lack of cooperation should equitably estop the parents from seeking reimbursement. Accordingly, the finding of "muddled" evidence did not justify the SRO's disregard for the rest of the evidence in the record and did not support the conclusion that equitable considerations did not favor the parents.

Finally, the finding that "sufficient evidence was not presented to establish that any legal obligation was

established for Parents to pay the tuition at iBrain" did not require the SRO to find that equitable considerations supported the denial of reimbursement.[2] The IHO did not find that there was no obligation to pay, but only that sufficient evidence was not presented. As a result, the SRO could examine the record to make his own determination or seek additional evidence from the parents and from iBrain on this issue. In this case, the record included the Enrollment Contract signed by Sanchez which plainly obligated L.S.'s parents to pay the school. LS001206-07. There was also no dispute that L.S. attended the school and received the benefit of its services, thus further evidencing "mutual intent to consummate the agreement, thereby triggering plaintiff's reciprocal obligation to pay tuition." E.M., 758 F.3d at 458 n.21. Accordingly, the IHO did not make sufficient findings with respect to equitable considerations and the SRO had an insufficient basis to decide that the third prong of the Burlington/Carter test supported the denial of reimbursement.

In sum, the SRO correctly concluded that the SRO was bound by the IHO's findings on certain issues that the plaintiffs did

---

[2] Even for Article III standing purposes, the Second Circuit Court of Appeals has analyzed the question of the obligation to pay flexibly, holding that even where the claimant "has no obligation to pay tuition unless [the claimant] succeeds in her IDEA litigation against the Department[,] [the claimant] has standing to bring her claim for direct payment." E.M. v. N.Y.C. Dep't of Educ., 758 F.3d 442, 460 (2d Cir. 2014). Moreover, the Court of Appeals observed that where it is undisputed that the school performed its obligations, such performance "evidence[d] a mutual intent to consummate the agreement, thereby triggering plaintiff's reciprocal obligation to pay tuition" despite a defect in the contract. Id. at 458 n.21.

12

not properly contest in their appeal but incorrectly concluded that these findings were dispositive of prongs two and three of the Burlington/Carter test. "[T]he deference owed to an SRO's decision depends on the quality of that opinion," R.E., 694 F.3d at 189, and where, as here, "the SRO's determinations are insufficiently reasoned to merit that deference . . . it is entirely appropriate for the court . . . to consider the IHO's analysis." M.H., 685 F.3d at 246. But because the IHO's findings only partially addressed prongs two and three of the Burlington/Carter test, the court would have to consider the record de novo and make determinations that it is "ill-equipped to decide in the first instance." J.F. v. N.Y.C. Dep't of Educ., No. 12-cv-2184, 2012 WL 5984915, at *10 (S.D.N.Y. Nov. 27, 2012).

"A court may remand a proceeding when it needs further clarification or does not have sufficient guidance from the administrative agencies." T.L. v. N.Y.C. Dep't of Educ., 938 F. Supp. 2d 417, 436 (E.D.N.Y. 2013). "Remand is appropriate to obtain the necessary educational expertise of the IHO and the SRO." Id. In this case, because neither the IHO nor the SRO fully analyzed the second and third prongs of the Burlington/Carter test in light of all the evidence in the record, a remand to the IHO is warranted. See J.F., 2012 WL

5984915, at *10 ("As neither the IHO nor the SRO has reached that issue, this Court remands that question to the IHO.").

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the DOE's motion for summary judgment is **denied**, the plaintiff's motion for summary judgment is **granted** in part. The decision of the SRO is **vacated** to the extent that the SRO denied an award of full tuition and costs at iBrain for the 2018-2019 school year and the case is **remanded** to the IHO for further proceedings.

The plaintiffs are directed to submit a proposed judgment within five (5) days. The defendant may submit a response two (2) days thereafter.

The Clerk of the Court is directed to close Docket Nos. 31 and 40.

**SO ORDERED.**

Dated:    **New York, New York**
            **July 7, 2021**

_____
John G. Koeltl
**United States District Judge**